JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PROJECT SURVEILLANCE, INC.,

## DEFENDANTS
THE TRAVELERS INDEMNITY COMPANY,

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Howard L. Close, Wright Close & Barger, LLP, One Riverway, Suite 2200, Houston, Texas 77056, Telephone: 713-572-4321

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332(a)(1) and 2201

Brief description of cause:
Action seeking declaratory relief and damages related to breach of contract.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** + $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 09/04/2019

SIGNATURE OF ATTORNEY OF RECORD: /s/ Howard L. Close

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| PROJECT SURVEILLANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE TRAVELERS INDEMNITY COMPANY, <br><br> Defendant. | NO. <br><br> **COMPLAINT** <br><br> **JURY DEMAND** |

**PLAINTIFF'S COMPLAINT FOR**
**DECLARATORY JUDGMENT AND DAMAGES**

Plaintiff PROJECT SURVEILLANCE, INC. ("Project Surveillance"), for its complaint against defendant THE TRAVELERS INDEMNITY COMPANY ("Travelers"), alleges as follows:

## I. NATURE OF THE ACTION

1. RLI Insurance Company ("RLI") and Travelers both insure Project Surveillance. RLI is Project Surveillance's professional liability insurer, while Travelers is Project Surveillance's commercial general liability insurer.

2. In 2017, Project Surveillance was named a defendant in a wrongful death lawsuit. RLI agreed to defend Project Surveillance pursuant to a reservation of rights, while Travelers has shirked all its obligations under its policy by relying on an inapplicable professional liability exclusion. In this lawsuit, Project Surveillance seeks declaratory judgment regarding Travelers' past, present, and future rights and obligations under their respective policies and to recover from Travelers the amount that Travelers should have contributed to Project Surveillance's defense.

## II.  PARTIES

3. Plaintiff Project Surveillance, Inc. is a corporation organized and existing pursuant to the laws of Texas and has its principal place of business in Houston, Texas.

4. Defendant Travelers is a corporation organized and existing pursuant to the laws of Connecticut and has its principal place of business in Hartford, Connecticut.

## III.  JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 2201.  There is complete diversity between Project Surveillance, on the one hand, and Travelers on the other, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a significant part of the acts or omissions giving rise to this claim occurred in this judicial district and division.

## IV.  THE TRAVELERS INSURANCE POLICY

7. Travelers issued a commercial general liability policy, Policy No. PACP-6C629094-IND-15, to Project Surveillance for the period December 11, 2015 to December 11, 2016 (the "Travelers Policy").

8. The Travelers Policy contains a Commercial General Liability Coverage Form providing, in pertinent part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

2

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1)    The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

        (2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or **B.** or medical expenses under Coverage **C.**

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments —Coverages A and **B.**

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)    The "bodily injury" or "property damage" occurs during the policy period;

        \*    \*    \*

(Ex. A, at p. 2).

    9.    Section V. – Definitions of the Travelers Policy provides that "Occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Ex. A, at p. 2).

    10.    The Architects, Engineers and Surveyors Extended Endorsement (CG 133 79 09 07) of the Travelers Policy provides, in part, that "Bodily Injury" means:

  a. Physical harm, including sickness or disease, sustained by a person;
  b. Mental anguish, injury or illness, or emotional distress, resulting at any time from such physical harm, sickness or disease; or
  c. Care, loss of services or death resulting at any time from such physical harm, sickness or disease.

    \*  \*  \*

(Ex. A, at p.2).

## V. THE RLI INSURANCE POLICY

11. RLI issued to Project Surveillance a professional liability policy design professionals policy of insurance, Policy No. RDP0022082, effective October 15, 2015 to October 15, 2016 (the "RLI Policy"). A true and correct copy of the RLI Policy is attached as Exhibit B hereto.

12. Section 5.a. of the RLI Policy provides that "the payment of **Damages**[1] or **Claim Expenses** will reduce the Limits of Liability available to pay **Claims**." (Ex. B, at p. 11).

13. **Claims Expenses**, are defined in Section 3. of the RLI Policy to include, among other things:

  a. reasonable and necessary fees charged by an attorney designated or consented to by the Insurer; [and]

  b. all other fees, costs and expenses resulting from the investigation, adjustment, defense and appeal of a **Claim**, suit or proceeding arising in connection therewith, if incurred by the Insurer, or by the **Insured** with the prior written consent of the Insurer[.]

    \*  \*  \*

(Ex. B, at pp. 6-7).

---

[1] All terms defined in the RLI Policy appear in bold.

4

14. Section 16 of the RLI Policy, **Other Insurance,** provides that the RLI Policy:

> shall be excess of any other valid insurance available to the **Insured,** including any project-specific professional liability insurance. This Policy shall also be excess of any Deductible or self-insured retention under such other insurance.

* * *

(Ex. B, at p. 16).

## VI. <u>UNDERLYING LAWSUIT</u>

15. On October 10, 2017, Nilson Tejada, Maria Rene Tejada Rodriguez, and Rita Esperanza Melchor Portillo de Rodriguez (the "Underlying Plaintiffs") filed a lawsuit against Project Surveillance in the District Court for Harris County, Texas captioned *Nilson Tejada, et al. v. Project Surveillance*, Case No. 2017-67264 (the "Tejada Litigation"). A true and correct copy of the Tejada Litigation complaint is attached as Exhibit C hereto.

16. On February 2, 2018, the Underlying Plaintiffs filed a First Amended Complaint adding ExxonMobil Pipeline Company as a defendant to the Tejada Litigation ("First Amended Complaint"). A true and correct copy of the First Amended Complaint is attached as Exhibit D hereto.

17. In the First Amended Complaint, the plaintiffs allege that on February 13, 2016 Mario Tejeda Melchor (the "Decedent") was killed while working on a construction project where Project Surveillance was "retained to provide safety supervision or other services." (Ex. D, at pp. 3-4).

18. Additionally, plaintiffs allege that Project Surveillance negligently failed to inspect or adequately inspect the project and failed to warn or adequately and timely warn the decedent of a dangerous condition. (Ex. D, at p. 4).

19. Plaintiffs also allege that Project Surveillance was negligent in failing to stop work. (Ex. D, at p. 4).

20. The alleged bodily injury took place while the Travelers Policy was in effect. (Ex. A, at p. 2; Ex. D, at pp. 3-4).

21. In the First Amended Complaint, Nilson Tejada, as personal representative of the Estate of Mario Tejeda Melchor seeks damages for past physical pain and mental anguish, funeral expenses, or past medical expenses. (Ex. D., at pp. 5-6).

22. Plaintiff Nilson Tejada also sought damages in an individual capacity as a bystander to the death of his brother, Mario Tejeda Melchor. (Ex. D, at pp. 5-6). However, Nilson's individual claim was recently dismissed on summary judgment.

23. Plaintiff Mario Rene Tejada Rodriguez seeks damages on his own behalf for the wrongful death of his son, Mario Tejeda Melchor. (Ex. D, at pp. 5-6).

24. Plaintiff Rita Esperanza Melchor Portillo de Rodriguez seeks damages on her own behalf for the wrongful death of her son, Mario Tejeda Melchor. (Ex. D, at pp. 5-6).

25. The Plaintiffs also seek pre- and post-judgment interest, court costs, and other relief at law and in equity to which they may be justly entitled. (Ex. D, at p. 11).

26. Trial in the Tejada Litigation is currently scheduled for March 2, 2020.

27. Travelers has a duty to defend and indemnify Project Surveillance in connection with the Tejada Litigation.

## VII.  **THE COVERAGE DISPUTE**

28. Project Surveillance provided timely notice of the Tejada Litigation to Travelers.

29. On January 19, 2018, Travelers issued a letter to Project Surveillance denying its duty to defend or indemnify Project Surveillance in connection with the Tejada Ligation (the

"Travelers Denial Letter").  A true and correct copy of the Travelers Denial Letter is attached hereto as Exhibit A.

30. In the Travelers Denial Letter, Travelers denied its duty to defend or indemnify based on the Travelers Policy's Architects, Engineers and Surveyors Extended Endorsement (CG 133 79 09 07) (the "Professional Services Exclusion") which provides, in pertinent part, that the Travelers policy does not provide coverage for:

> **Professional Services**
> "Bodily injury" or "property damage" arising out of or failure to render any "professional services".
>
> \*   \*   \*
>
> "Professional service" means any services requiring specialized skill or training, including:
>
> a. Preparation, approval, provision of or failure to prepare, approve, or provide any map, shop drawing, opinion, report, survey, field order, change order, design, drawing, specification, recommendation, warning, permit application, payment request, manual or instruction;
>
> b. Supervision, inspection, quality control, architectural, engineering or surveying activity or service, job site safety, construction contracting, construction administration, construction management, computer consulting or design, software development or programming service, or selection of a contractor or subcontractor; or
>
> c. Monitoring, testing, or sampling service necessary to perform any of the services described in Paragraph a. or b. above.
>
> \*   \*   \*

(Ex. A, at p. 3).

31. The Professional Services Exclusion, however, does not provide Travelers with a valid basis to deny its duty to defend or indemnify. The Tejada Litigation fails to allege or establish that the "bodily injury" arose from Project Surveillance's "services requiring

specialized skill or training" as required by the Professional Services Exclusion. The Tejada Litigation alleges that Project Surveillance was "retained to provide safety supervision *or other services*." Therefore, Travelers has not and cannot meet its burden of showing that the Tejada Litigation falls entirely within the Professional Services Exclusion such that there is no possibility of coverage. Travelers owes a duty to defend as a result.

32. RLI is defending Project Surveillance in the Tejada Litigation.

33. To date, Travelers maintains its denial of coverage and has wrongfully refused to acknowledge its duty to defend Project Surveillance with respect to the Tejada Litigation.

34. Defense costs paid by RLI erode the limits available under the RLI Policy to indemnify Project Surveillance for any judgment in or settlement of the Tejada Litigation.

35. Upon information and belief, defense costs paid under the Travelers Policy are in addition to, and outside of, the limits available under the Travelers Policy to indemnify Project Surveillance for any judgment in or settlement of the Tejada Litigation.

36. Project Surveillance has been unable to obtain dismissal from the Tejada Litigation and, with trial set for March 2, 2020, there is an urgent need to resolve these issues given the burning limits nature of the RLI Policy.

37. An actual, present, and bona fide controversy exists between Project Surveillance, on the one hand, and Travelers on the other hand, with respect to whether there is coverage under the Travelers Policy for the Tejada Litigation.

**COUNT I**
**(DECLARATORY JUDGMENT—TRAVELERS' DUTY TO DEFEND)**

38. The allegations set forth in paragraphs 1 through 37 above are re-alleged and incorporated as if fully set forth herein.

39. A dispute exists between Project Surveillance, on the one hand, and Travelers, on the other hand, with respect to insurance coverage under the Travelers Policy for the Tejada Litigation.

40. Under the terms of the Travelers Policy, Travelers has an obligation to pay Project Surveillance's defense costs for the Tejada Litigation because it is a claim for "bodily injury" occurring during the policy period caused by an "occurrence" taking place during the policy period.

41. The First Amended Complaint alleges Project Surveillance was "retained to provide safety supervision" as well as "other services" at the time the Decedent was killed and that as a result of Project Surveillance's negligence in performing these tasks, the Decedent was killed. (Ex. D, at pp. 3-4).

42. The First Amended Complaint alleges Project Surveillance was negligent in failing to stop work. (Ex. D, at p. 4).

43. Despite Travelers' assertion in the Travelers Denial Letter that there is no coverage for the Tejada Litigation based on the Travelers Policy's Professional Services Exclusion, the "other services" Project Surveillance allegedly performed and Project Surveillance's alleged failure to stop work do not constitute "Professional Services" as defined by the Travelers Policy.

44. As "other services" as alleged in the First Amended Complaint do not constitute "Professional Services" as defined by the Travelers Policy, Travelers has an obligation pursuant to the terms of its policy to defend and indemnify Project Surveillance.

45. Further, the Tejada Litigation does not allege or establish that the "bodily injury" arose from Project Surveillance's "services requiring specialized skill or training" as required by

9

the Professional Services Exclusion, and, therefore, Travelers has not and cannot meet its burden of showing that the Tejada Litigation falls entirely within the Professional Services Exclusion such that there is no possibility of coverage.

46. Accordingly, Project Surveillance is entitled to a declaratory judgment that Travelers was obligated and continues to be obligated to defend the Tejada Litigation.

## COUNT II
## (DECLARATORY JUDGMENT – PRIORITY OF COVERAGE)

47. The allegations set forth in paragraphs 1 through 46 above are re-alleged and incorporated as if fully set forth herein.

48. A dispute exists between Project Surveillance, on the one hand, and Travelers, on the other hand, with respect to insurance coverage under the Travelers Policy for the Tejada Litigation.

49. On information and belief, the Travelers Policy is a primary Commercial General Liability Policy.

50. The RLI Policy provides coverage, subject to its terms, conditions, and exclusions. Section 16. of the RLI Policy, **Other Insurance,** provides that the RLI Policy:

> shall be excess of any other valid insurance available to the **Insured,** including any project-specific professional liability insurance. This Policy shall also be excess of any Deductible or self-insured retention under such other insurance.

(Ex. B., at p. 16).

51. The Travelers Policy is "other valid insurance available" to Project Surveillance.

52. The Travelers Policy is the primary policy and Travelers currently has a primary duty to defend and indemnity Project Surveillance.

53. The RLI Policy is excess of the Travelers Policy and only triggered upon the exhaustion of the Travelers Policy's limits.

54. Alternatively, to the extent that the issue of indemnity is unripe, Travelers has a present, primary duty to defend Project Surveillance.

55. Accordingly, Project Surveillance is entitled to a declaratory judgment that the RLI Policy's duty to defend and indemnify Project Surveillance is only triggered upon the exhaustion of the Travelers Policy and/or that Travelers was obligated and continues to be obligated to pay defense costs for the Tejada Litigation.

### COUNT III
### (BREACH OF CONTRACT)

56. The allegations set forth in paragraphs 1 through 55 above are re-alleged and incorporated as if fully set forth herein.

57. Under the terms of the Travelers Policy, Travelers has an obligation to defend Project Surveillance in the Tejada Litigation because it is a claim for "bodily injury" caused by an "occurrence" taking place during the policy period.

58. Travelers has denied coverage to Project Surveillance under the Professional Services Exclusion. Travelers, however, has not and cannot meet its burden of showing that the Tejada Litigation falls entirely within the Professional Services Exclusion such that there is no possibility of coverage. Travelers has, therefore, breached its duty to defend.

59. As a result of Travelers' wrongful denial of its obligation to defend Project Surveillance in the Tejada Litigation, RLI has thus far shouldered the burden of providing Project Surveillance's defense for the Tejada Litigation, even though the RLI Policy is excess to the Travelers Policy pursuant to Section 16 of the RLI Policy, **Other Insurance**.

60. In addition to ignoring its contractual obligations with respect to the Tejada Litigation and depriving Project Surveillance of a defense funded by Travelers, Travelers refusal to acknowledge its defense obligation has also harmed Project Surveillance by unnecessarily eroding the limit of liability under the RLI Policy.  (Since, unlike the Travelers Policy, defense expenses reduce the limit of liability under the RLI Policy.)

61. Accordingly, Project Surveillance is entitled to a finding that Travelers has breached and continues to breach its contractual duty to defend Project Surveillance in the Tejada Litigation and Project Surveillance is entitled to recover against Travelers the amounts that Travelers should have paid, but has not paid, in Project Surveillance's defense for the Tejada Litigation.

## PRAYER FOR RELIEF

Project Surveillance respectfully requests that this Court adjudicate and declare the rights of the parties, and that the Court award Project Surveillance all amounts that Travelers should have paid in defense of Project Surveillance, but failed to pay, along with costs, attorneys' fees pursuant to Texas Civil Practice and Remedies Code Section 38.001, pre-judgment and post-judgment interest, and any other relief that this Court deems just and equitable.

## JURY DEMAND

Project Surveillance demands a trial by jury for all claims so triable.

DATED:     09/04/2019            PROJECT SURVEILLANCE INC.,


By: */s/ Howard L. Close*
 Howard L. Close
Attorney-in-Charge
State Bar No. 04406500

                                    WRIGHT CLOSE & BARGER, LLP
                                    One Riverway, Suite 2200
                                    Houston, Texas 77056
                                    close@wrightclosebarger.com
                                    Ph: 713-572-4321
                                    Fax: 713-572-4320

OF COUNSEL:

Ommid C. Farashahi (*pro hac vice* application pending)
David F. Cutter (*pro hac vice* application pending)
Melissa A. Sereda (*pro hac vice* application pending)
BATESCAREY LLP
191 North Wacker, Suite 2400
Chicago, Illinois 60606
ofarashahi@batescarey.com
dcutter@batescarey.com
msereda@batescarey.com
Ph.:    312-762-3100
Fax:    312-762-3200

Ronald L. Flack, Jr.
State Bar No. 24095655
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
flack@wrightclosebarger.com
Ph: 713-572-4321
Fax: 713-572-4320